UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN SOSA, on behalf of himself and all others
similarly situated,

       Plaintiffs,    Docket No.: 13-cv-04826 (CBA)(CLP)

  -against-

CAZ-59 EXPRESS, INC.; SERGEY
ZASLAVSKIY, an individual,

       Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

     By:
     Anthony P. Malecki, Esq.
     BORRELLI & ASSOCIATES, P.L.L.C.
     *Attorneys for Plaintiff*
     655 Third Avenue, Suite 1821
     New York, New York 10017
     (212) 679-5000

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. 2
TABLE OF AUTHORITIES ........................................................................................... 3
I.   PRELIMINARY STATEMENT ........................................................................... 4
II.  STATEMENT OF FACTS .................................................................................... 5
III. LEGAL STANDARD ON COLLECTIVE ACTIONS UNDER THE FLSA ....... 6
IV. PLAINTIFF MEETS AND EXCEEDS THE REQUIREMENTS FOR CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FLSA. ........ 9
V.  PLAINTIFF'S NOTICE IS FAIR AND PROPER. ............................................ 10
VI. DISCOVERY OF CONTACT INFORMATION FOR POTENTIAL PLAINTIFFS IS NECESSARY AND PROPER. ............................................. 11
VII. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 739 (1981) .............. 7

Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 217 (E.D.N.Y. 2009) .............. 11

Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 81 (E.D.N.Y. 2008) .............. 7

Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335, 336 (2d Cir. 1978) ............ 8

Cano v. Four M Food Corp., 2009 WL 5710143, *11 (E.D.N.Y. 2009) .............. 11

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989) .............. 10

Jacobs v. New York Foundling Hosp., 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007) .............. 8

Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011) .............. 11

Moore v. Eagle Santiation, Inc., 267 F.R.D. 54, 59 (E.D.N.Y. 2011) .............. 10

Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) .............. 7

Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 130-31 (E.D.N.Y. 2011) .............. 10

Rosario v. Valentine Avenue Discount Store, Co., Inc., 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011) .............. 9

Sexton v. Franklin First Financial, Ltd., 2009 WL 1706535, *13 (E.D.N.Y. 2009) .............. 11

Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354, 363 (E.D.N.Y. 2007) .............. 10

Summa v. Hofstra University, 715 F. Supp. 2d 378, 381 (E.D.N.Y. 2010) .............. 9

**Statutes**

29 U.S.C. § 216(b) .............. 4, 7, 11

29 U.S.C. §§ 255, 256(b) .............. 8

## I. PRELIMINARY STATEMENT

Plaintiff, Kevin Sosa ("Plaintiff"), by and through his attorneys, submits this Memorandum of Law in support of Plaintiff's motion for certification and notice to putative collective action members pursuant to the collective action provisions of the Fair Labor Standards Act ("FLSA"), found at 29 U.S.C. § 216(b). Upon the arguments asserted herein, the affidavits of Plaintiff and Albert Maldonado, as well as the affirmation of Anthony P. Malecki and the documents attached to same, Plaintiff has established that he is entitled to conditional certification of the class, as defined herein. Plaintiff brings this action on behalf of all non-managerial employees, who are not drivers of Defendants' vehicles, who are currently and/or were formerly employed by Defendants from August 23, 2007 to the present, and who were required to work in excess of forty hours per week without being paid overtime as was the policy and practice of Caz-59 Express, Inc. and Sergei Zaslavskiy (collectively, "Defendants"). Plaintiff seeks an order from the Court:

1) Conditionally certifying this suit as a collective action pursuant to 29 U.S.C. § 216(b);

2) Authorizing Plaintiff to send a Notice of this action along with a Consent Form (opt-in) to each putative class member; and

3) Ordering Defendants to produce, in a computer readable manner, the names, last known mailing addresses, alternate addresses, all telephone numbers, last known email addresses, dates of birth, social security numbers, and dates of employment for each member of the putative class.

## II. STATEMENT OF FACTS

In his complaint, Plaintiff alleges that Defendants violated the FLSA and the New York Labor Law by failing to pay Defendants' employees the minimum wage and overtime premium. See Complaint (attached as Exhibit A to Affirmation of Anthony Malecki).

Defendants employed Plaintiff and other persons similarly situated to work as drivers' assistants, assisting the drivers of Fed/Ex trucks on their routes by helping to pack the trucks for delivery and hand-delivering Fed/Ex packages for the company. Complaint, ¶¶ 27-28; see also Aff. of Kevin Sosa, ¶¶ 4-5; Aff. of Albert Maldonado, ¶¶ 4-5. Plaintiff regularly worked five days a week for approximately twelve hours per day. Id. at ¶ 31; Aff. of Sosa, ¶ 7. Defendants paid Plaintiff a daily salary of $120 regardless of the amount of hours worked per day. Aff. of Sosa, ¶ 10. Plaintiff never received any pay stubs or wage statements explaining his hourly rate, his overtime rate, or listing the amount of hours worked per week. Id. at ¶ 11.

Plaintiff's typical work schedule for Defendants began at 7:00 a.m. and ended at 7:00 p.m., five days a week, Tuesday through Saturday. Complaint, ¶ 31; Aff. of Sosa, ¶¶ 7. Thus, Defendants required Plaintiff to work, and Plaintiff did in fact work, sixty hours per week throughout his tenure of employment with Defendants. See id. While Plaintiff's hours varied, increasing during the October to February holiday season, and decreasing during other times, he worked, on average, approximately fifty-to-sixty hours per week at all times during his employment. Aff. of Sosa, ¶ 7.

Over the course of his employment, Plaintiff's gross income was approximately $600 per week. Id. at ¶ 10. Plaintiff did not received pay stubs or wage statements explaining his hourly rate, his overtime rate of pay, or the amount of hours worked per week. Id. at ¶ 11. All non-managerial employees working as assistants to the drivers received similar amounts as weekly

5

income. Id. at ¶ 13. Plaintiff's weekly income, as well as the income of those similarly situated, did not include overtime pay for the hours worked over forty hours at the statutorily-mandated rate of one and one-half times the normal rate of pay. Complaint, ¶¶ 39-52. Moreover, as Defendants failed to compensate Plaintiff, and those similarly situated, for these hours, they failed to pay the statutorily required minimum hourly rate of pay during their periods of employment. See id.

Albert Maldonado, an opt-in Plaintiff, worked for Defendants between January of 2012 and January of 2013 performing similar work functions to Plaintiff and receiving a similar rate of pay. See Aff. of Albert Maldonado; see also Exhibit D to Aff. of Malecki. Defendants also required Mr. Maldonado to work, and he did work, sixty hours per week, without properly paying him for any amount of hours over forty. See id. His hours and rate of pay were similar to the hours and rate of pay of Plaintiff. See id. Jean Mateo, another opt-in Plaintiff, worked for Defendants, also performing similar work functions to Plaintiff and receiving a similar rate of pay. See Exhibit E to Aff. of Malecki.

During Plaintiff's employment at Defendants, Plaintiff observed and spoke to numerous other employees who performed the same job duties that Plaintiff performed, worked similar hours per workweek as Plaintiff, and who received similar daily rates of pay as Plaintiff. Aff. of Sosa, ¶¶ 12-13. In addition to the named employees above, Plaintiff is personally aware of at least six additional, similarly-situated employees, who performed similar functions and received similar rates of pay at Plaintiff, including Reginald Washington and Edwin Ceballos. Id.

### III. LEGAL STANDARD ON COLLECTIVE ACTIONS UNDER THE FLSA.

Under the FLSA, employers must compensate covered employees for all work performed, including overtime, in order to remedy "labor conditions that are detrimental to the

6

maintenance of the minimum standard of living necessary for [the] health efficiency, and general well-being of workers." Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)); Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 81 (E.D.N.Y. 2008). Under the statute, an employee may bring a collective action on behalf of himself and others similarly situated. Id. (citing 29 U.S.C. § 216(b)). The standard for certifying a collective action under the FLSA is quite lenient. "The reason that the burden is significantly less . . . is that the FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated." Id. at 82.

The FLSA process gives Plaintiff the right to bring the action not only to recover his own damages, but also to allow other employees subjected to the same illegal policies to opt into the action. Id.; see also 29 U.S.C. § 216(b). Unlike a class action under Federal Rule of Civil Procedure 23, in a collective action, participation is optional for effected individuals who can join by signing and mailing a form showing their desire to participate. Id. at 81; see also Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005). Under the more lenient FLSA standard, a named plaintiff must simply show that the class that he/she seeks to certify is "similarly situated" to him/herself. See id. The term "similarly situated" requires "only a modest factual showing sufficient to demonstrate that the named plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." Id. at 82; see also Patton, 364 F. Supp. 2d at 267. If the case is initially certified as a collective action, then the opt-in forms are disseminated and class members are given the opportunity to join the action. See id.

The process moves swiftly in order to protect these individuals as they are only protected if they file the opt-in form. See 29 U.S.C. § 216(b). Expedition is necessary as the statute of

limitations continues to run prior to their filing an opt-in form, thus the potential for the defendants to escape liability by delay of process rather than proof of innocence becomes a real and imminent possibility. 29 U.S.C. §§ 255, 256(b). This is why the standard by which the initial certification gets approved by the Court is set very low, in order to protect the rights of potential opt-in plaintiffs. Once conditionally certified, the collective action proceeds through the discovery process and is later reevaluated to determine whether the claimants are indeed similarly situated. Patton, 364 F. Supp. 2d at 268. If the Court later determines that this initial certification was unwarranted then the collective action can be decertified at that time and the claims of dissimilar 'opt-in' plaintiffs dismissed without prejudice to anyone. See id.

When determining whether potential opt-in plaintiffs are "similarly situated" employees, the Court should be aware of "the broad remedial purpose of the [FLSA], which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335, 336 (2d Cir. 1978); Bowens, 546 F. Supp. 2d at 81.

Courts follow a two-step process when determining whether a matter should proceed as a collective action. See Jacobs v. New York Foundling Hosp., 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007). "The Court first looks at the pleadings and affidavits to determine whether the class members are similarly situated." Id. "If the plaintiff meets a minimal burden of showing that they are similarly situated, the court certifies the class." Id. "Potential class members are then notified and given the chance to opt in to the action." Id. "The second phase of the inquiry occurs after discovery and is typically precipitated by a motion for decertification by the defendant." Id. "If the opt-in plaintiffs are similarly situated, the collective action proceeds to trial; if they are not, the class is decertified and the class representative proceeds on his own." Id.

8

Based on the evidence submitted here, Plaintiff has demonstrated that Defendants have a policy of failing to compensate employees at the statutorily required minimum wage and/or overtime pay for hours worked in excess of forty per work week.

## IV. PLAINTIFF MEETS AND EXCEEDS THE REQUIREMENTS FOR CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FLSA.

Far in excess of the minimal requirements for a collective action, Plaintiff alleges numerous facts and produces evidence substantiating the claim that Defendants have a policy in place denying proper compensation and overtime pay to all employees of Defendants meeting the definition as set forth above. Plaintiff, as well as opt-in Plaintiffs Albert Maldonado and Jean Mateo, and all similarly situated employees of Defendants, "were victims of a common policy or plan that violated the law." Bowens, 546 F. Supp. 2d at 82; Patton, 364 F. Supp. 2d at 267. Defendants employed Plaintiff, opt-in Plaintiffs, and other employees similarly situated as assistants to the drivers of their Fed/Ex vehicles. Defendants further required these employees to regularly work over forty hours per week. Moreover, Defendants paid these employees without regard to the amount of hours work, thereby failing to pay them for any hours over forty per week. As such, Plaintiff is similarly situated to these other employees in the type of work performed, the number of hours worked, the rate of pay, and Defendants violation of Federal and State overtime compensation law.

District Courts within the Second Circuit maintain a relatively low standard for granting conditional certification, which comports with Congress's intent to protect employees rather than establishing stringent litmus tests which deter claims and ultimately protect employers rather than employees. See, e.g., Patton, 364 F. Supp. 2d at 263 (no opt-ins); Rosario v. Valentine Avenue Discount Store, Co., Inc., 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011) (one opt-in); Summa v. Hofstra University, 715 F. Supp. 2d 378, 381 (E.D.N.Y. 2010) (three opt-ins); Moore

9

v. Eagle Santiation, Inc., 267 F.R.D. 54, 59 (E.D.N.Y. 2011) (two named Plaintiffs, no opt-ins); Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354, 363 (E.D.N.Y. 2007) (four named Plaintiffs, no opt-ins); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 130-31 (E.D.N.Y. 2011) (four named Plaintiffs, no opt-ins).

In making its determination whether to conditionally certify a collective action under the FLSA, the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make creditability determinations." Rosario, 828 F. Supp. 2d at 514. "Any factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification." Id. Here, Plaintiff and the opt-in Plaintiffs clearly establish that they, and the other named potential Plaintiffs, are similarly situated to one another, demonstrating a common plan by Defendants to subject all similarly-situated employees to a policy in violation of the wage and hour laws designed to prevent the exact abuse perpetrated by Defendants.

## V.   PLAINTIFF'S NOTICE IS FAIR AND PROPER.

Attached as Exhibit F to the Affirmation of Anthony P. Malecki is Plaintiff's proposed notice to the collective class. The proposed notice provides clear instructions on how to opt-in, and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The notice is "timely, accurate, and informative," thus meeting all legal requirements. Summa, 715 F. Supp. 2d at 393 (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)). The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

## VI. DISCOVERY OF CONTACT INFORMATION FOR POTENTIAL PLAINTIFFS IS NECESSARY AND PROPER.

It is appropriate for courts in collective actions to order the discovery of names and addresses of potential collective members. Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011) (finding it "appropriate and in the interest of judicial economy…to allow the Plaintiffs to obtain the relevant contact information going back for a six-year period even if some recipients of the notice will have claims that are time-barred under the FLSA"); Cano v. Four M Food Corp., 2009 WL 5710143, *11 (E.D.N.Y. 2009); Sexton v. Franklin First Financial, Ltd., 2009 WL 1706535, *13 (E.D.N.Y. 2009); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 217 (E.D.N.Y. 2009). Thus, Plaintiff requests that the Court order Defendants to supply a computer readable file with the following information for all potential putative opt-in plaintiffs: names, last known mailing addresses, alternate addresses, all telephone numbers, last known email addresses, dates of birth, social security numbers, and dates of employment.

Plaintiffs require the dates of birth and social security numbers of covered employees so that Plaintiffs' counsel can perform a skip trace for all notices that are returned as undeliverable because of a change of address. Plaintiff is willing to enter into a confidentiality agreement in order to receive potential opt-in plaintiffs' dates of birth and social security numbers. See Patton, 364 F. Supp. 2d at 268 (allowing dissemination of social security numbers with a confidentiality agreement).

## VII. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant this motion by ordering the following, along with whatever other measures this Court deems just and proper:

1) Conditionally certifying this suit as a collective action pursuant to 29 U.S.C. § 216(b);

11

2) Authorizing Plaintiff to send a Notice of this action along with a Consent Form (opt-in) to each putative class member; and

3) Ordering Defendants to produce, in a computer readable manner, the names, last known mailing addresses, alternate addresses, all telephone numbers, last known email addresses, dates of birth, social security numbers, and dates of employment for each member of the putative class.

Dated: New York, New York
       February 21, 2014

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              Attorneys for Plaintiff
                              655 Third Avenue, Suite 1821
                              New York, New York 10017
                              Tel. (212) 679-5000
                              Fax. (212) 679-5005

                              _____
                              ANTHONY P. MALECKI, Esq. (AM 5207)

To:    Roman Leonov
        Lust & Leonov, P.C.
        75 Maiden Lane, #506
        New York, NY 10036