UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN SOSA, *on behalf of himself and all*
*others similarly situated,*

               Plaintiffs,

- against -

CAZ-59 EXPRESS, INC. AND SERGEY
ZASLAVSKIY,
                   Defendants.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

13 CV 4826 (CBA)

      On August 23, 2013, Kevin Sosa ("plaintiff"), on behalf of himself and all others similarly

situated, filed this action, pursuant to Sections 207(a) and 206(a) of the Fair Labor Standards Act

("FLSA"), Sections 160 and 652(1) of the New York Labor Law ("NYLL"), and Title 12,

Sections 142-2.18 of the New York Compilation of Codes, Rules and Regulations ("NYCRR"),

seeking damages from defendants Caz-59 Express, Inc. and Sergey Zaslavskiy to recover unpaid

wages, overtime and spread of hours compensation, as well as liquidated damages, exemplary and

punitive damages, interest and attorney's fees, and costs.


## FACTUAL BACKGROUND

      Plaintiff claims that he and others similarly situated to him worked for defendants as

assistants to drivers of Fed/Ex trucks. (Pl. Mem.[1] at 5). The assistants' duties included packing

the trucks and hand-delivering packages. (Id.) Plaintiff contends that while working for

defendants, he and other drivers' assistants were typically required to work more than 40 hours

---

[1]Citations to "Pl. Mem." refer to the Memorandum of Law in Support of Plaintiff's
Motion for Conditional Certification, dated February 21, 2014.

per week, but were not paid wages for such hours at the statutorily required minimum wage. (Compl.[2] ¶ 9). Nor were they paid overtime compensation at the required rate of one and one-half times the regular rate. (Id. ¶ 36). Plaintiff claims that he was paid $120 per day regardless of whether he worked over 40 hours in any given week. (Pl. Mem. at 5; Sosa Aff.[3] ¶¶ 10, 11). He seeks to represent a putative class consisting of "employees of defendants who . . . performed any work in any of defendants' locations as non-managerial employees [and] are not drivers of defendants' vehicles . . . ." (Compl. ¶ 8).

Plaintiff further alleges that defendant Zaslavskiy is the Chief Executive Officer of Caz-59. As manager of the daily operations, Zaslavskiy was plaintiff's highest ranking supervisor. (Compl. ¶¶ 6, 25). Additionally, it appears that Zaslavskiy signed each of plaintiff's paychecks. (Sosa Aff., Ex. 2).

On November 15, 2013, defendants filed an Answer to plaintiffs' Complaint, refuting most of plaintiffs' assertions. ("Ans."). Although defendants assert several affirmative defenses, they do not contest that members of the putative class are similarly situated. On March 20, 2014, plaintiff filed the motion seeking conditional certification of a collective action under 29 U.S.C. § 216(b).[4] To date, defendants have not opposed plaintiff's motion, despite the fact that the undersigned ordered them to file any papers in opposition to the motion by March 7, 2014. On

---

[2]Citations to "Compl." refer to the Complaint filed by plaintiff on August 23, 2013.

[3]Citations to "Sosa Aff." refer to the Affidavit of Kevin Sosa, dated February 21, 2014, annexed to the Affirmation of Anthony P. Malecki in Support of Plaintiff's Motion for Conditional Certification ("Malecki Aff.") as Exhibit A.

[4]Plaintiff filed a letter on February 21, 2014 stating that he had served the motion on defendants on that date. However, the motion does not appear on the court's docket sheet until March 20, 2014, when the Court reminded plaintiff's counsel to docket the motion on ECF.

March 19, 2014, the Honorable Carol Bagley Amon referred plaintiff's motion for conditional

collective action certification to the undersigned to prepare a report and recommendation.  For the

reasons detailed below, plaintiff's motion is granted.


## DISCUSSION

A.  Standard for Class Certification Under FLSA 216(b)

      Under the FLSA, employers are required to compensate covered employees for all work

performed, including overtime, in order to prevent "labor conditions detrimental to the

maintenance of the minimum standard of living necessary for health, efficiency, and general well-

being of workers."  29 U.S.C. §§ 202(a), 207(a)(1).  See Reich v. New York City Transit Auth.,

45 F.3d 646, 648-49 (2d Cir. 1995) (citations omitted).  Pursuant to Section 216(b) of the FLSA,

an employee may bring an action to "'recover unpaid overtime compensation and liquidated

damages from employers who violate the Act's overtime provisions.'"  Gjurovich v. Emmanuel's

Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting Hoffman v. Sbarro, Inc.,

982 F. Supp. 249, 260 (S.D.N.Y. 1997)).

      Under the statute, an employee may bring a collective action "for and in [sic] behalf of

himself . . . and other employees similarly situated."  29 U.S.C. § 216(b).  However, unlike a class

action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action

brought under the FLSA may be brought only on behalf of those employees who affirmatively

"opt in" by giving consent in writing to become a party to the action.  Id.; Gjurovich v.

Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 103-04; see also Iglesias-Mendoza v. La Belle

Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d 263,

266 (E.D.N.Y. 2005).

Courts use a two-step analysis to determine whether certification of a collective action under the FLSA is appropriate. Castro v. Spice Place, Inc., No. 07 CV 4657, 2009 WL 229952, at *2 (S.D.N.Y. Jan. 30, 2009). The first step involves "looking to the pleadings and affidavits to determine whether plaintiffs have satisfied 'the minimal burden of showing that the similarly situated requirement is met.'" Id. (quoting Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)). If plaintiffs meet this "fairly lenient standard," the court will typically grant "conditional certification" and authorize notice to potential plaintiffs. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. at 367. Although the statute has no specific provision for issuing such notice, the Supreme Court in Hoffman-LaRoche Inc. v. Sperling held that it was appropriate for courts to authorize such notice under the FLSA in order to serve the "broad remedial goal" of the Act. 493 U.S. 165, 171-173 (1989); see also Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 335-36 (2d Cir. 1978) (holding that a district court "has the power to order that notice be given to other potential members of the plaintiff class under the 'opt-in' provision of the [FLSA]"); Hoffman v. Sbarro, Inc., 982 F. Supp. at 261 & n.15.

The term "similarly situated," although not defined in the statute, has been interpreted as requiring only a "'modest factual showing sufficient to demonstrate that [the named plaintiffs] and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Patton v. Thomson Corp., 364 F. Supp. 2d at 267 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. at 261). The burden is significantly less than that required to sustain a class certification motion under Rule 23 because the FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join the action and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated. See Patton v. Thomson Corp., 364 F. Supp. 2d at 267; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 104. In determining whether this

4

preliminary requirement has been met, courts generally consider "whether there are (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class." Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007) (internal quotation marks omitted).

The second step of the court's analysis takes place after discovery, when the court looks at the record again to "'[make] a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified.'" Castro v. Spice Place, Inc., 2009 WL 229952, at *4 (quoting Lee v. ABC Carpet & Home, 236 F.R.D. at 197).


B.  Analysis

Plaintiff argues that the allegations he has presented in his Complaint and the Sosa Affidavit are sufficient to meet what the case law makes clear is a modest burden. (Pl. Mem. at 9). In particular, plaintiff alleges that he is similarly situated to the other employees in that they were all assistants to the drivers of defendants' Fed/Ex vehicles, and that as a result they are similar in the "type of work performed, the number of hours worked, the rate of pay, and Defendants [sic] violation of Federal and State overtime compensation law." (Id.) Defendants have not opposed plaintiff's motion, nor have they challenged plaintiff's proposal to define the potential class this way.

On the basis of the evidence provided by plaintiff, including plaintiff's affidavit and the affidavit of opt-in plaintiff Albert Maldonado, who also affirms that he was a drivers' assistant employed by defendants with the same basic duties and pay as plaintiff, the Court finds that

5

plaintiff has carried his minimal burden to meet the similarly situated requirement. Accordingly, the Court respectfully recommends that plaintiff's motion for conditional certification of a collective action under the FLSA be granted. Additionally, the Court recommends that plaintiff's request for circulation of the proposed notice also be approved and sent to the class. The Court further directs the exchange of discovery regarding the putative class members.

## CONCLUSION

The Court respectfully recommends that conditional certification and the circulation of notice be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 23 , 2014

/s/ CHERYL POLLAK

Cheryl L. Pollak
United States Magistrate Judge

6