FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 28 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEVIN SOSA, *on behalf of himself and all others similarly situated,*

                          Plaintiff,

                  -against-

CAZ-59 EXPRESS, INC. AND SERGEY ZASLAVSKIY

                         Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4826 (CBA)(CLP)

AMON, Chief United States District Judge.

On August 23, 2013, plaintiff Kevin Sosa filed this action on behalf of himself and all others similarly situated, pursuant to Sections 207(a) and 206(a) of the Fair Labor Standards Act ("FLSA"), Sections 160 and 625(1) of the New York Labor Law ("NYLL"), and Title 12, Sections 142-2.18 and 142-2.2 of the New York Compilation of Codes, Rules and Regulations ("NYCRR"), seeking to recover unpaid wages, overtime and spread hours, compensation, as well as liquidated damages, exemplary and punitive damages, interest and attorney's fees, and costs from defendants Caz-59 Express, Inc. and Sergey Zaslavisky. Plaintiff moved for conditional certification of a collective action under 29 U.S.C. § 216(b) and on March 19, 2014, this Court referred plaintiff's motion to Magistrate Judge Cheryl Pollak for a Report and Recommendation ("R&R"). On May 28, 2014 Magistrate Judge Pollak issued her R&R, recommending that this Court grant conditional class certification and approve plaintiff's request for circulation of the proposed notice. Defendants did not oppose plaintiff's motion and have not objected to the R&R.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a R&R, a district court "may accept, reject, or modify, in whole or in part, the

1

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Pollak's R&R as the opinion of the Court. Accordingly, plaintiff's motion for conditional certification of a collective action under the FLSA and request for circulation of the proposed notice are granted.[1]

SO ORDERED.

Dated: October 27, 2014
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge

---

[1] The current notice states that the deadline to opt-in to the action is July 30, 2014. (Malecki Aff. Ex. F at 2.) Since that date has already passed, the Court instructs plaintiff to change the date of the notice and remove any reference to the July 30, 2014 deadline. Instead, the notice should state that opt-in consent forms must be received within 60 days from the date of the notice.

2